UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| MARK LOUIS SANDON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BUREAU OF PRISONS, et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 08-188-ART <br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Mark Louis Sandon, who is a federal prisoner, filed this *pro se* civil rights case on September 18, 2008. R. 2. Based on allegations that the defendants had failed to provide him with the medical care necessary to treat his Hepatitis-C condition, Sandon asserted claims for damages under the *Bivens* doctrine, as well as claims for injunctive relief. The complaint named five defendants: (1) the Bureau of Prisons ("BOP"); (2) Newton Kendig, whom the plaintiff identified as the Health Service Director in the BOP's Central Office in Washington, D.C.; (3) Jeff Allen, whom the plaintiff identified as the Chief Medical Director in the BOP's Central Office in Washington, D.C.; (4) Mike Nelson, whom the plaintiff identified as the Medical Director in the BOP's Central Office in Washington, D.C.; and (5) C.L. Polland, whom the plaintiff identified as the Clinical Director of the United States Penitentiary located in Florence, Colorado, where Sandon was incarcerated from September of 2005 until April of 2007.

On October 1, 2008, this Court dismissed the claims against the BOP and the official-capacity claims against the individual defendants. R. 6. On December 30, 2008, the claim for

injunctive relief was severed from the rest of Sandon's claims and transferred to the United States District Court for the Central District of Illinois. R. 23. As a result, the only claims remaining before this Court are the claims for money damages against Defendants Kendig, Allen, Nelson, and Polland. Polland has not answered the complaint or responded to the lawsuit in any way, but it appears that he has never been served. Kendig, Allen, and Nelson, however, have responded by filing the currently pending Motion to Dismiss, R. 27. In their motion, Kendig, Allen, and Nelson argue that the claims against them should be dismissed because: (1) this Court does not have personal jurisdiction over them; (2) they have not been served properly; and (3) this Court is not a proper venue. Because the Court agrees that it does not have personal jurisdiction over these defendants, their motion must be granted.

A court cannot exercise personal jurisdiction over a defendant unless two conditions are satisfied: (1) the exercise of personal jurisdiction must be authorized by the forum state's long-arm statute; and (2) the exercise of personal jurisdiction must comport with constitutional due process. *See Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007). Courts sitting in Kentucky, however, can collapse the entire analysis into the second prong since the extent of personal jurisdiction allowed by Kentucky's long-arm statute is coterminous with the extent allowed by due process. *See Cummings v. Pitman*, 239 S.W.3d 77, 84-85 (Ky. 2007). Therefore, the only real question before this Court is whether the exercise of personal jurisdiction over Kendig, Allen, and Nelson would be permitted by constitutional due process.

An exercise of personal jurisdiction comports with due process when three requirements are satisfied:

First, the defendant must purposefully avail himself of the privilege of acting in the

>  forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Air Prods. & Controls, Inc.*, 503 F.3d at 550 (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). These requirements cannot be satisfied in this case because the only thing linking Kendig, Allen, and Nelson to the forum state is the allegation that they denied one of Sandon's administrative appeals seeking specific medical care while Sandon was incarcerated at a federal prison in Kentucky. *See* R. 2 at 4-5. This allegation demonstrates nothing more than that Kendig, Allen, and Nelson had—at best—an attenuated connection to Kentucky that was caused not by any act that they intentionally directed toward Kentucky, but by the mere coincidence that Sandon was incarcerated in Kentucky at the time the administrative appeal was denied. Such a tenuous contact with Kentucky cannot be the basis for finding that the defendants purposefully availed themselves of the privilege of acting in Kentucky or causing a consequence here. *See Air Prods. & Controls, Inc.*, 503 F.3d at 551.

However, even if this Court were to find otherwise, it would still be unable to exercise personal jurisdiction over Kendig, Allen, and Nelson because their denial of Sandon's administrative appeal did not create a substantial enough connection with Kentucky to make an exercise of personal jurisdiction reasonable. Numerous courts have held that personal jurisdiction over a BOP official cannot exist solely on the basis that the official has decided an administrative appeal brought by a prisoner confined within the court's territorial jurisdiction. *See, e.g., Johnson v. Rardin*, No. 91-1211, 1992 WL 9019, at *1 (10th Cir. Jan. 17, 1992) (affirming the dismissal of claims against the BOP assistant director and the BOP regional counsel for lack of minimum contacts since their only

3

contacts with the forum state were their reviews of the plaintiff's appeals and their occasional advising of BOP staff members in the forum state); *Murrell v. Chandler*, No. 1:01cv184, 2007 WL 869568, at *4 (E.D. Tex. March 21, 2007) (holding that there was not personal jurisdiction over a BOP official in Washington, D.C., who had decided an administrative appeal brought by a prisoner in Texas), *rev'd on other grounds*, 277 F. App'x 341 (5th Cir. 2008); *Durham v. Lappin*, No. 05-cv-01282, 2006 WL 2724091, at *5 (D. Colo. Sept. 21, 2006) (dismissing claims against the BOP Director because "the mere fact that [the Director] oversees prisons located in Colorado is insufficient to establish a basis for the exercise of personal jurisdiction over him in Colorado," and also dismissing the claims against the BOP National Inmate Appeals Administrator and the BOP Regional Director for lack of personal jurisdiction because their contacts with the forum state "were completely fortuitous, resulting from the fact that the plaintiff—to whom they were responding when answering grievances—was located in Colorado"); *see also Hill v. Pugh*, 75 F. App'x 715, 719 (10th Cir. 2003) ("It is not reasonable to suggest that federal prison officials may be hauled into court simply because they have regional and national supervisory responsibilities over facilities within a forum state."). The collective wisdom of these courts compels the conclusion that this Court cannot exercise personal jurisdiction over Kendig, Allen, and Nelson since their only apparent connection to Kentucky is their denial of one of Sandon's administrative appeals at a time when he was incarcerated in Kentucky.

Finally, it is true that Kendig, Allen, and Nelson could have possibly foreseen that the denial of Sandon's administrative appeal would cause a consequence in Kentucky, but this alone is not enough to satisfy the due process requirements for personal jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S.

286, 295 (1980)). Foreseeability is relevant to the due process inquiry, but the fact that one may foresee that they could cause a consequence in a state does not make them subject to that state's jurisdiction. "Instead, 'the foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" *Id.* (quoting *World-Wide Volkswagen Corp.*, 444 U.S. at 297). In this case, Kendig, Allen, and Nelson simply did not have substantial enough contacts with the Commonwealth of Kentucky such that they should have reasonably anticipated being haled into court here. As a result, this Court cannot exercise personal jurisdiction over them.

Because the Court lacks personal jurisdiction over Kendig, Allen, and Nelson, there is no need to address the other issues raised in their Motion to Dismiss.

For the foregoing reasons, it is hereby **ORDERED** that the Motion to Dismiss, R. 27, is **GRANTED**. Accordingly, the claims against Defendants Kendig, Allen, and Nelson in their individual capacities are **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(2).

This the 15th day of April, 2009.

Signed By:
*Amul R. Thapar* AT
United States District Judge